IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

KERRY KOTLER,

                Plaintiff,

                                        Civ. Action No.
  vs.                                   9:06-CV-1308 (NAM/DEP)

JOHN DONELLI, *et al.*,

                Defendant.

_____

APPEARANCES:                               OF COUNSEL:

FOR PLAINTIFF:

PRISONERS' LEGAL SERVICES          MICHAEL E. CASSIDY, ESQ.
121 Bridge Street
Suite 202
Plattsburgh, NY 12901

FOR DEFENDANTS:

HON. ANDREW M. CUOMO              ROGER W. KINSEY, ESQ.
Attorney General of the State
of New York
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

### ORDER

    Currently pending before the court in connection with this action is a motion by plaintiff Kerry Kotler to compel discovery.  Dkt. No. 17.  In his

motion plaintiff seeks an order requiring compliance by defendants with several document demands articulated in his first request for production of documents ("RFP"). *Id.* Plaintiff's motion addresses defendants' refusal to produce their personnel files in accordance with a procedure proposed by the plaintiff. *Id.* Additionally, plaintiff has requested an order compelling the defendants to comply with plaintiff's notice of inspection and photography of areas of the Bare Hill Correctional Facility ("Bare Hill") located in Malone, New York, the site of plaintiff's allegations of wrongdoing on the part of various defendants employed by the New York State Department of Corrections ("DOCS"). The motion is opposed by defendants on several bases, including their assertions that plaintiff's requests are overbroad, unduly burdensome, and pose serious security risks to the Bare Hill facility. *See* Dkt. No. 18.

Oral argument was heard regarding plaintiff's motion to compel on September 19, 2007. At the close of argument I issued a bench decision regarding that motion. Based upon the parties' submissions and oral argument, and incorporating herein by reference the court's September 19, 2007 bench decision, it is hereby

ORDERED as follows:

1) Plaintiff's motion to compel compliance with RFP No. 9 is

GRANTED, to the extent that defendants are directed to produce an unredacted copy of the I2 Dorm logbook for November 1, 2003 to reflect the identities of any inmates whose movements are indicated therein. Defendants' request for a protective order in regard to this production is DENIED.

2) Plaintiff's motion to compel compliance with RFP No. 15 is DENIED, to the extent that plaintiff seeks a so-called "Alpha" list detailing a daily listing of inmates in the I2 Dorm for November 1, 2003, the court finding that such a compilation is not maintained by the DOCS in a usable format. Defendants nonetheless are directed to review the portion of the I2 Dorm logbook from October 15, 2003 through November 15, 2003 and to generate and submit to the plaintiff, subject to certification under Rule 11 of the Federal Rules of Civil Procedure, a list of all inmates whose names are reflected in that logbook, since the information sought could lead to the discovery of potential witnesses to the relevant events of November 1, 2003.

3) Invoking the rule of proportionality, plaintiff's motion to compel compliance with RFP No. 10 is DENIED, without prejudice, subject to the renewal of the request should the plaintiff develop information, either through the defendants' depositions or otherwise, regarding the types of

logbooks that would be relevant to plaintiff's claims.

    4)    Plaintiff's motion to compel compliance with RFP No. 12 is DENIED, without prejudice, subject to the same aforementioned conditions applicable to RFP No. 10.

    5)    Plaintiff's motion to compel compliance with RFP No. 14 is DENIED for the same reasons articulated in connection with RFP No. 15.

    6)    Plaintiff's motion to compel compliance with RFP No. 20 is GRANTED, in part. Defendants are directed to produce the information contained in the relevant chart assignments concerning the assignments on November 1, 2003 of any corrections officer or corrections sergeant named as a defendant in this action.

    7)    Plaintiff's motion to compel compliance with RFP No. 25 is DENIED, without prejudice. Should the plaintiff develop information indicating that there exists, within the possession, custody or control of the defendants, a drawing or diagram that reflects the area in question which is not produced pursuant to this request, appropriate sanctions pursuant to Rule 11 will issue. To the extent that the defendants may possess blueprints of the Bare Hill facility and charts of the I2 Dorm detailing cube locations, the parties further are directed to discuss the production of these documents and to establish appropriate parameters, to be included

in a proposed protective order that might be entered relative to this production.

  8) Plaintiff's motion to compel compliance with RFP Nos. 26, 27, 29, and 30 is DENIED, without prejudice.

  9) Plaintiff's motion to compel production of defendants' personnel files is GRANTED, subject to the following procedure:

    a) Defendants' redaction of social security numbers, home phone numbers and addresses contained within the personnel records shall be permitted.

    b) Plaintiff's counsel shall review the records in question, which are to be delineated "for attorney's eyes only."

    c) Plaintiff's counsel shall compile a list of those particular documents sought, and mark them during the course of review.

    d) Upon receipt of plaintiff's list, the defendants may object and seek *in camera* review by the court of any of the requested documents.

    e) Plaintiff's counsel is directed not to disclose, including to the plaintiff, any information derived from those personnel files which are not produced.

    f) Without prejudice to plaintiff's right to request relief with

respect to certain particular documents from defendants' counsel, and to seek court intervention in the event of defendants' refusal, plaintiff's counsel may not bring any personnel documents produced in accordance with this order into any correctional facility.

10)   Plaintiff's motion to compel compliance with his notice of inspection and photography is GRANTED, subject to the following terms and conditions articulated, in part, in *Allaway v. Martin*, 93-CV-1263, Dkt. No. 64 (N.D.N.Y. Feb. 9, 1996) (Homer, M.J.):

a)   Three days prior to the inspection, plaintiff's counsel shall supply DOCS with the names and addresses of personnel who will visit the facility (hereinafter "associates").

b)   Plaintiff's counsel, or any associates, may operate video cameras and still cameras in types and numbers as they determine necessary for the purpose of videotaping and photographing the area specified below in paragraph (e).

c)   At the time of the inspection, plaintiff's counsel and any associates will display to DOCS correct identification.

d)   Plaintiff's counsel and any associates will be escorted during the tour by such senior security staff as determined by DOCS.

e)   DOCS shall have the right adequately and sufficiently to

6

control access to and movement within the facility by plaintiff's counsel and any associates.  The videotapes, photographs, examination, and measurements of the Bare Hill facility shall be restricted to the inside of Dorm I2 and the areas outside and adjacent to Dorm I2, showing the entrances to the dorm, the dorm's relationship to surrounding buildings and the so-called compound or cross-gates shack.  Additionally, the examination and photography of the original I2 Dorm logbook for November 1, 2003 shall be permitted.

   f) No photograph or videotape will depict any individual person, including any DOCS employee or any inmate, except to the extent that photographs may include a Prisoners' Legal Services employee as a frame of reference where necessary.

   g) Within thirty days of the completion of the inspection, plaintiffs shall produce a set of the photographs as well as any videotape taken at the facility to the defendants, subject to the defendants' payment of the reasonable expenses associated with the reproduction of these materials.

   h) Except as otherwise indicated herein, the videotapes or photographs made during said inspection shall not be copied or disclosed in any manner, in whole or in part, by plaintiff's counsel or anyone acting

at his direction to any other person except to the extent necessary for the conduct of this litigation.  Plaintiff's counsel shall personally inform any persons to whom the videotapes or photographs are shown that they shall not disclose the contents viewed, seen or discussed to any third party and that any violation may result in sanctions being imposed upon such persons by the court.

   i) Except as otherwise indicated herein, no additional copies of the videotapes, photographs, or negatives of said photographs shall be made by plaintiff's counsel or anyone else except as necessary for the conduct of this litigation.

   j) Any photographs and videotapes taken shall not be brought into a correctional facility, without prejudice to plaintiff's right to request admittance of a particular photograph or set of photographs, based on a particularized need, into the facility at some future point.

   k) DOCS representatives shall have the right to inspect all videotapes, cameras, film, photographic and other equipment, machinery, cases and bags brought into Bare Hill prior to granting entry to plaintiff's counsel and any associates.  Such inspection prior to entry may include examining the contents of any videotapes or photographs brought into the facility.

    l) In all other respects the conduct of such inspection shall be governed by the provisions of DOCS Directive Nos. 0401, 4935 and 4900.

  11) Plaintiff's motion to compel photography of the original I2 Dorm logbook is DENIED, without prejudice, based on defense counsel's representation that defendants have no objection to said inspection.

  12) No costs or attorneys' fees are awarded in connection with this motion, without prejudice to plaintiff's right to include the expense associated with this motion in any fee application made pursuant to 42 U.S.C. § 1988 if he prevails in this action.

  13) The clerk is directed to promptly forward copies of this order to the parties in accordance with this court's local rules.


Dated: September 21, 2007
    Syracuse, NY


_____
David E. Peebles
U.S. Magistrate Judge