UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**KERRY KOTLER,**

                            **Plaintiff,**

                    v.                      **9:06-CV-1308 (NAM/DEP)**

**JOHN DONELLI, Superintendent, Bare Hill Correctional Facility, L. JUBERT, Deputy Superintendent of Security, W. DANN, Correction Sergeant, DARWIN DAILY and DAVID CHARLAND, Correction Officers,**

                            **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Kerry Kotler
97-A-6645
Gowanda Correctional Facility
P.O. Box 311
Gowanda, New York 14070
Plaintiff *pro se*

Green & Seifter Attorneys PLLC
James L. Sonneborn, Esq., of counsel
Harrison V. Williams , Jr., Esq., of counsel
One Lincoln Center, Suite 900
Syracuse, New York 13202-1387
Standby Trial Counsel for Plaintiff

Office of the Attorney General, State of New York
James B. McGowan, Esq., of counsel
Roger W. Kinsey, Esq., of counsel
State of New York
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Hon. Norman A. Mordue, United States District Judge:**

                        **MEMORANDUM-DECISION AND ORDER**

                                **INTRODUCTION**

In *Kotler v. Donelli*, 382 Fed.Appx. 56 (2d Cir. 2010), the Second Circuit reversed this Court's dismissal of this *pro se* prisoner civil rights action pursuant to 42 U.S.C. § 1983. The Circuit Court remanded for a jury trial on the issue of whether one or more of the defendants retaliated against plaintiff for his protected activities as a member of the prison grievance committee by planting a weapon in his cell and then disciplining him for possession of that weapon. The case is trial ready, and standby counsel has been appointed for plaintiff, who has advised the Court that he wishes to proceed *pro se*.

Presently before the Court are the following motions: motion *in limine* by plaintiff (Dkt. No. 66); motion *in limine* by defendants (Dkt. No. 71); motion by defendants for leave to amend the amended answer and for summary judgment (Dkt. No. 85); and motion by plaintiff to stay defendants' motion (Dkt. No. 99). As set forth below, the Court denies plaintiff's motion for a stay (Dkt. No. 99), grants defendants' motion for leave to amend the amended answer and for summary judgment (Dkt. No. 85), denies the motions *in limine* (Dkt. Nos. 66, 71) as moot, and dismisses the action with prejudice.

## BACKGROUND - SECOND CIRCUIT DECISION

In reversing this Court's dismissal of plaintiff's action, the Second Circuit stated as follows:

> Plaintiff-appellant Kerry Kotler ("Kotler") filed a complaint on Oct. 27, 2006 under 42 U.S.C. § 1983 alleging that [on November 1, 2003 at Bare Hill Correctional Facility] defendants planted a weapon in his prison cell and then disciplined him for possession of that weapon in retaliation for his participation in an inmate grievance program. He alleged violations of his First and Fourteenth Amendment rights for the retaliation, and violations of his fifth amendment due process rights during his disciplinary hearing.
> ***
> To prove a First Amendment retaliation claim under Section 1983, a plaintiff must show that the speech or conduct was protected, that there was an adverse

-2-

> action, and that there was a causal connection between the protected speech and the adverse action. *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009). There is no dispute that Kotler's activities on the grievance committee were protected. *See Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002). There were also clearly adverse actions – impeachment from the grievance committee and disciplinary consequences. The principle [*sic*] disputed issue is the causal connection between Kotler's protected conduct as a member of the Inmate Grievance Program and the weapon purportedly found in his cube, which resulted in disciplinary action.
>
> A plaintiff bears the initial burden of showing that "the protected conduct was a substantial or motivating factor in the prison officials'" disciplinary decision. *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). Plaintiffs may do so with circumstantial evidence if it is "sufficiently compelling," *Bennett* [*v. Goord*], 343 F.3d [133, 137 (2d Cir. 2003)], and may show a causal connection by demonstrating that the protected activity was close in time to the adverse action. *Espinal*, 558 F.3d at 129; *Gayle*, 313 F.3d at 683.
>
> Viewing the evidence in the light most favorable to Kotler, as we must, a reasonable jury could return a verdict for Kotler. Kotler disavows ownership of the weapon, defendants' testimony is inconsistent on how and where the prison officials found the weapon, and there is evidence that at least one defendant wished to remove Kotler from the grievance committee. This combined with the rest of the circumstantial evidence Kotler alleges is sufficient to raise a genuine issue of fact as to whether one or more of the defendants retaliated against Kotler for his protected activities. \*\*\*

*Kotler v. Donelli*, 382 Fed.Appx. at 57-58.

## DEFENDANTS' MOTION

Defendants move (Dkt. No. 85) for leave to amend their amended answer to interpose affirmative defenses, including collateral estoppel. Defendants rely on plaintiff's unsuccessful state court challenge to the prison disciplinary proceeding stemming from his alleged possession of a weapon on November 1, 2003. In the state court proceeding, pursuant to Article 78 of New York Civil Practice Law and Rules ("Article 78"), the Third Department confirmed the disciplinary determination. *Kotler v. Goord*, 792 N.Y.S.2d 740 (3d Dep't 2005), *leave to appeal denied*, 5 N.Y.2d 755 (2005). The Third Department held:

> Petitioner was charged in a misbehavior report with possession of a weapon in violation of prison disciplinary rules after a search of his cell revealed a metal can lid that had been fashioned into a shank. He was found guilty following a tier III disciplinary hearing, which determination was upheld on administrative appeal. This CPLR article 78 proceeding resulted.
>
> The misbehavior report and extensive hearing testimony by the correction officer who conducted the search of petitioner's cell constitute substantial evidence supporting the determination of petitioner's guilt. Discrepancies in the evidence regarding when petitioner's property was searched and packed up for his subsequent trip to the special housing unit, to the extent relevant to petitioner's guilt or innocence of the charge at issue, were adequately explained by the further testimony of the officer who conducted the search, which the Hearing Officer was entitled to accept as more credible than petitioner's speculative assertion that the shank was planted by another inmate or a staff member. In any event, the alleged inconsistencies were insufficient to overcome the reasonable inference established that the shank, found in an area within petitioner's control, belonged to him.
>
> Addressing petitioner's procedural claims, we find no error in the Hearing Officer's denial of petitioner's request for certain documentary evidence relating to events which occurred after petitioner's cell was searched, inasmuch as our review of the record confirms that they were either made available to petitioner at the hearing or were irrelevant and, thus, properly precluded. We further reject petitioner's claim of hearing officer bias. To the contrary, the Hearing Officer allowed petitioner to explore his defense that the shank was planted in his cell through the introduction and recall of numerous witnesses, and otherwise conducted a fair and impartial hearing. Petitioner's final contention has been examined and is rejected as lacking in merit.

*Kotler v. Goord*, 792 N.Y.S.2d at 741-42 (citations omitted).  Defendants further move for summary judgment based on the new defense.

**I.      Leave to Amend the Amended Answer**

Collateral estoppel is an affirmative defense, *see* Fed.R.Civ.P. 8(c), and "normally must be pled in a timely manner or it may be waived."  *Curry v. City of Syracuse*, 316 F.3d 324, 330-31 (2d Cir. 2003).  A court may, however, exercise its discretion to grant leave to amend a pleading at any time when justice so requires.  *See* Fed.R.Civ.P. 15(a)(2); *Curry*, 316 F.3d at 331.  Factors

bearing on a district court's exercise of this discretion include undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party if amendment is allowed, and futility of the amendment. *See Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998).

On this record, there is no basis to find bad faith or dilatory motive on the part of defendants. As for undue prejudice to plaintiff, he has been given notice and an opportunity to be heard on the issue, and there is no prejudice in this respect. *See Curry*, 316 F.3d at 331. Plaintiff enjoys *in forma pauperis* status and is proceeding *pro se*, so defendants' delay in moving has not prejudiced plaintiff monetarily. Plaintiff cannot show prejudice from having his case dismissed now, as opposed to earlier. Nor would the amendment be futile; as discussed below, the Court finds that the Third Department's determination in the Article 78 proceeding is entitled to collateral estoppel effect. Taking into account the "'strong public policy in economizing the use of judicial resources by avoiding relitigation[,]'" *Curry*, 316 F.3d at 331 (quoting *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998)), the Court grants defendants' motion (Dkt. No. 85) insofar as it seeks leave to amend the amended answer to assert the affirmative defense of collateral estoppel.

## II.     Summary Judgment

Pursuant to the Full Faith and Credit Statute, 28 U.S.C. § 1738, a federal court must give the same preclusive effect to a state court judgment as it would be given by that state. *See Brooks v. Giuliani*, 84 F.3d 1454, 1463 (2d Cir. 1996). "Under New York law, the doctrine of collateral estoppel, or issue preclusion, applies when a litigant in a prior proceeding asserts an issue of fact or law in a subsequent proceeding and (1) the issue has necessarily been decided in the prior

action and is decisive of the present action, and (2) there has been a full and fair opportunity to contest the decision now said to be controlling." *Giakoumelos v. Coughlin*, 88 F.3d 56, 59 (2d Cir. 1996) (citing *Schwartz v. Public Administrator*, 24 N.Y.2d 65, 71 (1969), and *Colon v. Coughlin*, 58 F.3d 865, 869 (2d Cir.1995)) (internal quotation marks omitted).

In the case at bar, as the Second Circuit noted, it is undisputed that plaintiff's activities on the grievance committee were protected and that there were adverse actions (*i.e.*, impeachment from the grievance committee and disciplinary consequences). *Kotler v. Donelli*, 382 Fed.Appx. at 57. The Second Circuit defined the issue in dispute as "the causal connection between Kotler's protected conduct ... and the weapon purportedly found in his cube, which resulted in disciplinary action." *Id.* This alleged causal connection, which is the basis for plaintiff's remaining section 1983 claim, is that "defendants planted a weapon in his prison cell and then disciplined him for possession of that weapon in retaliation for his participation in an inmate grievance program." *Id.* Thus, on the facts of this case, no causal connection can be found unless the disciplinary proceeding was wrongly decided.

The issues bearing on whether the disciplinary proceeding was wrongly decided have already been determined by the Third Department. The Court has reviewed the Article 78 record underlying the Third Department's decision, and finds that the issues plaintiff raises in his section 1983 claim are identical to those which were necessarily decided by the Third Department. The Article 78 record clearly establishes that plaintiff had a full and fair opportunity before the Third Department to raise his challenges to the disciplinary determination, including his claim that the weapon was placed in his cell by prison staff. The Third Department rejected plaintiff's contentions, and collateral estoppel bars plaintiff from relitigating the same claims here. As the

Second Circuit has noted, "[c]ollateral estoppel in a subsequent § 1983 action is one of the risks attendant to a decision to challenge a prison disciplinary determination in a proceeding brought pursuant to Article 78." *Cowart v. Pico*, 29 Fed.Appx. 639, 641 (2d Cir. 2002) (quoting *Giakoumelos*, 88 F.3d at 61) (internal quote omitted).

Accordingly, defendants' motion (Dkt. No. 85) for leave to amend the amended answer and for summary judgment is granted. The action is dismissed with prejudice.[1]

## REMAINING MOTIONS

Plaintiff moves (Dkt. No. 99) to stay defendants' motion to give plaintiff an opportunity to move for sanctions and other relief. Plaintiff raises no reasonable ground for a stay. The motion (Dkt. No. 99) is denied.

The parties' motions *in limine* (Dkt. Nos. 66, 71) are denied as moot.

## CONCLUSION

It is therefore

ORDERED that defendants' motion (Dkt. No. 85) for leave to amend the amended answer and for summary judgment is granted; and it is further

ORDERED that the parties' motions *in limine* (Dkt. Nos. 66, 71) are denied as moot; and it is further

ORDERED that plaintiff's motion for a stay (Dkt. No. 99) is denied; and it is further

---

[1] Plaintiff points out that the parties entered into a stipulation (Dkt. No. 51) in which plaintiff discontinued his claims against three supervisory defendants, and the remaining defendants withdrew a previous summary judgment motion and agreed that the time to file dispositive motions had expired. Plaintiff urges that this stipulation, which the Court approved, should be vacated in the event that the Court allows defendants to amend their answer and move for summary judgment. In view of the Court's ruling herein, plaintiff's claims against the three supervisory defendants lack merit as a matter of law, and there is no reason to reinstate them.

ORDERED that the action is dismissed with prejudice; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

Date:   March 30, 2012
        Syracuse, New York

Honorable Norman A. Mordue
U.S. District Judge