IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

KERRY KOTLER,

                Plaintiff,        Civil Action No.
                                          9:06-CV-1308 (NAM/DEP)

   v.

JOHN DONELLI, Superintendent,
Bare Hill Correctional Facility, *et al.*,

                Defendants.

_____

APPEARANCES:                         OF COUNSEL:

FOR PLAINTIFF:

BOUSQUET HOLSTEIN PLLC         JAMES L. SONNEBORN, ESQ.
One Lincoln Center                       HARRISON WILLIAMS, JR., ESQ.
Suite 900
Syracuse, New York 13202

FOR DEFENDANTS:

HON. ERIC T. SCHNEIDERMAN        JAMES B. McGOWAN, ESQ.
New York State Attorney General       ROGER W. KINSEY, ESQ.
The Capitol
Albany, New York 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

# REPORT AND RECOMMENDATION

Plaintiff Kerry Kotler commenced this action in 2006 against several employees of the New York State Department of Corrections and Community Supervision, pursuant to 42 U.S.C. § 1983, alleging the deprivation of his civil rights. Following an extensive procedural history, including plaintiff's voluntary dismissal of some defendants, the only defendants remaining in the case are John Donelli, L. Jubert, W. Dann, Darwin Daily, and David Charland.

Currently pending before the court is a suggestion of defendant Donelli's death, pursuant to Rule 25 of the Federal Rules of Civil Procedure, filed by defendants. Dkt. No. 117. That rule provides, in pertinent part, that,

> [i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a).

Defendants in this case have filed with the court, and served upon plaintiff, a written notice of the death of defendant Donelli on August 21, 2013. Dkt. No. 117. More than ninety days have now passed, and no

party has submitted a motion for substitution of that defendant. *See generally* Docket Sheet. For that reason, and in accordance with Rule 25, I recommend that defendant Donelli be dismissed from the case. *See Kaczmarek v. City of Schenectady*, No. 10-CV-1193, 2013 WL 5506276, at *3 (N.D.N.Y. Oct. 4, 2013) (Sharpe, C.J.) ("On March 2, 2011, the Niskayuna Defendants filed a Statement Noting a Party's Death. Here, ninety days have passed without substitution. Accordingly, all claims advanced by [plaintiff] DeLucca must be dismissed." (citations and footnote omitted)).

Accordingly, it is hereby respectfully

RECOMMENDED that defendant John Donelli be dismissed from the action, and the case proceed as against defendants Charland, Daily, Dann, and Jubert.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: November 22, 2013
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge