```
              IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF NEW YORK
```

| | | |
|---|---|---|
| KERRY KOTLER, | ) | |
| | ) | |
| Plaintiff, | ) | 9:06CV1308 |
| | ) | |
| v. | ) | |
| | ) | |
| L. JUBERT, Deputy | ) | MEMORANDUM AND ORDER |
| Superintendent of Security, | ) | |
| W. DANN, Correction | ) | |
| Sergeant, DARWIN DAILY, | ) | |
| Correction Officer, DAVID | ) | |
| CHARLAND, Correction Officer, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on cross motions *in limine*. The defendants filed a motion *in limine* (Filing No. 172). The plaintiff filed a brief in opposition (Filing No. 181), to which the defendants replied (Filing No. 186). The plaintiff also filed a motion *in limine* (Filing No. 187), which was subsequently amended (Filing No. 188). The defendants filed a brief in opposition to the plaintiff's motion (Filing No. 190), to which the plaintiff replied (Filing No. 191).

Although a motion *in limine* is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gate-keeping function and sharpening the focus for later trial proceedings, some evidentiary submissions cannot be evaluated accurately or sufficiently in such a procedural environment.

*Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion *in limine* is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissable for any purpose." *Id*. In other instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id*. To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley*, 102 F.3d 1440, 1451 (8th Cir. 1996). After reviewing the motions, briefs, and applicable law,

       IT IS ORDERED:

## I. Defendants' Motion *in Limine*

**1) That the defendants be allowed to inquire on cross-examination as to the essential facts of the plaintiff's criminal conviction.**

       Granted. However, the defendants are limited to an inquiry of the essential facts of the conviction which include "the nature or statutory name of each offense, its date, and the sentence imposed . . . ." *United States v. Estrada*, 430 F.3d 606, 616 (2d Cir. 2005).

**2) That the defendants be permitted to use defendant David Charland's deposition testimony in lieu of calling Mr. Charland as he is an unavailable witness pursuant to FRCP 32(a)(4)(B) and (C).**

Granted.

**3) That correspondence between non-parties John Donelli and Thomas Eagan be precluded at trial.**

Denied.

**4) That certain hearsay statements of non-party John Donelli be precluded at trial.**

Granted. The statements constitute double hearsay and each part of the combined statements do not conform with an exception to the hearsay rule. *See* Fed.R.Evid. 805. Therefore, the statement is not admissible.

**5) That documents contained in the personnel record of defendant Darwin Daily be deemed inadmissible.**

Granted.

## II. Plaintiff's Motion *in Limine*

**1) Disclosure of contact information in possession of the defendants and the office of defense counsel.**

Denied. "The purpose of an in limine motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence . . . .'"

*Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)(citing *Banque Hypothecaire Du Canton De Geneve v. Union Mines*, 652 F. Supp. 1400, 1401 (D. Md. 1987)).  The plaintiff is not seeking an evidentiary ruling.

**2) Disclosure of contact information for former employees of DOCCS.**

Denied.  The plaintiff is not seeking an evidentiary ruling.  However, the defendants stated in their brief (Filing No. 190 at 3) that they will provide plaintiff's standby counsel with the last known addresses for Thomas Eagan and Peter Berezny.

**3) Disclosure of contact information for current employees of DOCCS.**

Denied.  The plaintiff is not seeking an evidentiary ruling.  However, the defendants stated in their brief (Filing No. 190 at 3) that Paul Walbridge and Gregory Stanley are still employed at DOCCS and the facilities that employ them have been identified during discovery.

**4) Disclosure of contact information for inmate witnesses in the control of DOCCS.**

Denied.  The plaintiff is not seeking an evidentiary ruling.

**5) Issuance of Subpoenas.**

Denied. The plaintiff is not seeking an evidentiary ruling. Plaintiff and plaintiff's standby counsel are free to serve subpoenas without seeking prior permission from the Court.

**6) That the plaintiff is permitted to use the deposition testimony of Gregory Stanley, Peter Berezny, Thomas Eagan, and John Donelli at trial, in lieu of live testimony.**

Granted in part, and deferred until trial in part. The plaintiff may use the deposition of John Donelli since he is an unavailable witness under Federal Rule of Civil Procedure 32. The use of deposition testimony as to the other three witnesses will be deferred until trial. The determination will be based on whether the plaintiff is able to subpoena the witnesses and whether they are unavailable witnesses under Rule 32.

**7) That defense counsel be precluded from questioning the plaintiff or impeaching the plaintiff with claims of misconduct or mental health issues.**

Deferred until trial.

**8) That defense counsel be precluded from making reference to plaintiff's 1982 conviction, resulting incarceration during that time, and any institutional records or claims of misconduct from the 1982 conviction.**

Granted.

**9) Access to legal files during trial.**

Denied. The plaintiff is not seeking an evidentiary ruling. The Court can address this issue in another motion, or at pretrial.

**10) That plaintiff be allowed to be outside the view of jurors in the courtroom and courthouse while in restraints. In addition, that the plaintiff is allowed to wear his own clothing and permitted to shave daily before trial.**

Denied. The plaintiff is not seeking an evidentiary ruling. However, the Court can address this issue pretrial.

**11) Disclosure of log book entries.**

Denied. The plaintiff is not seeking an evidentiary ruling. However, defendants stated in their brief that "defense has no objection to bringing the original November, 1, 2003 log book for the I-2 dorm, evidence locker and arsenal." (Filing No. 190 at 7-8). Plaintiff, as a current inmate, is not allowed to view the unredacted log books.

**12) That defense counsel stipulate that certain items or documents are unavailable.**

Denied. The plaintiff is not seeking an evidentiary ruling.

**13) That defense counsel be precluded from making or allowing any further changes to the log books before trial. Also, that defendants be required to produce the log books for trial.**

Denied. The plaintiff is not seeking an evidentiary ruling. However, defendants stated in their brief that "defense has no objection to bringing the original November, 1, 2003 log book for the I-2 dorm, evidence locker and arsenal." (Filing No. 190 at 7-8). Plaintiff, as a current inmate, is not allowed to view the unredacted log books.

DATED this 25th day of January, 2016.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court